# LENA LYSACKER v. BEMIDJI PIONEER PUBLISHING COMPANY.[1]

April 13, 1911.

Nos. 16,979—(52).

**Libel.**

    A libel charging in effect that the plaintiff, a woman, is keeping a house of prostitution, imputes unchastity to her, within the meaning of the proviso to R. L. 1905, § 4269.

[1] Reported in 130 N. W. 850.

[Note] Libel and slander in charging woman with unchastity, see note in 24 L.R.A. (N.S.) 577.

Action in the district court for Beltrami county to recover $5,000 for libel. From an order, Stanton, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*Graham M. Torrance* and *Chester McKusick,* for appellant.

*John L. Brown,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Beltrami overruling the defendant's general demurrer in the complaint.

The here material allegations of the complaint are these: The plaintiff is, and for the past five years has been, the wife of Andrew Lysacker. The defendant is the proprietor and publisher of the Bemidji Daily Pioneer, a newspaper, and on May 25, 1910, it maliciously published in such newspaper, of and concerning the plaintiff, the article following: Andrew Lysacker, who conducts the Blue Front saloon on Minnesota avenue, between Second and Third streets, his wife, and Mrs. Oranger were arraigned in the municipal court on charges of keeping a house of prostitution over the saloon, and similar offenses. The article was false, whereby the plaintiff has been damaged in the sum of $5,000.

The defendant admits that the complaint states a cause of action, if the charge contained in the article imputes unchastity to the plaintiff. Its contention in this connection is that the charge does not impute to her unchastity, and therefore it was necessary to allege in the complaint either a demand for retraction, as provided by R. L. 1905, § 4269, or special damages, and, failing to allege either, the complaint fails to allege facts constituting a cause of action.

The sole question, then, for our decision, is whether a false charge, published in a newspaper, that a woman keeps a house of prostitution, imputes unchastity to her, within the proviso to section 4269, R. L. 1905, which is in these words: "Provided that this section shall not apply to any libel imputing unchastity to a woman." The question is not whether, as defendant's counsel suggests, a woman "may keep a house of prostitution, and yet be a chaste woman herself." It is possible that such a woman might be esteemed chaste in a

community in which the keeping of a house of prostitution is regarded merely as a breach of etiquette, but not in Minnesota. The word "unchastity," as used in the proviso, is not to be construed strictly and technically, as has been done in cases in which it was adjudged that certain spoken words were not actionable per se because they did not necessarily impute a want of chastity. The purpose of the proviso was to except all libels from the operation of the statute which might fairly be understood by those reading them as imputing unchastity to a woman. Tested by this rule, the question here is simply whether, in the ordinary acceptation of language, a person reading the libel might reasonably understand it as imputing unchastity to the plaintiff.

As ordinarily understood, chastity is that virtue which prevents the unlawful commerce of the sexes. Bouvier, Law Dictionary. Unchastity is the reverse of this, and the quality or state of being unchaste. Webster, New Inter. Dictionary.

We are of the opinion that the average person reading the libel in this case might and would reasonably understand it as imputing unchastity, for the charge made clearly imputes that the plaintiff was engaged in the business of prostitution, either personally or promoting the prostituting of other women. Such a woman lacks the virtue which prevents the unlawful commerce of the sexes, and is unchaste. It follows that the libel in question imputes unchastity to a woman, within the meaning of the proviso, and that the complaint states a cause of action.

Order affirmed.